```
LEE SHELDON, Bar No. 263310
ARMIJO & GARCIA
One California Street, Suite 1150
San Francisco, CA  94111
Telephone (415) 273-6500
Facsimile (415) 273-6535
Email:  lee.sheldon@armijogarcialaw.com

Attorneys for Defendant,
Intertrust Technologies Corporation
```

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| ELISABETH KINDIG,<br><br>    Plaintiff,<br><br>    vs.<br><br>INTERTRUST TECHNOLOGIES CORPORATION; & DOES 1 THROUGH 10, INCLUSIVE,<br><br>    Defendants. | CASE NO. _____<br><br>**[Santa Clara Superior Court<br>Case No:** 20CV370587**]**<br><br>**NOTICE OF REMOVAL OF ACTION; DECLARATION OF LEE SHELDON FILED CONCURRENTLY HEREWITH**<br><br>**[28 U.S.C. §§ 1441, 1446 and 28 U.S.C. § 1331]** |
|---|---|

    PLEASE TAKE NOTICE that Defendant, Intertrust Technologies Corporation ("Defendant") by and through its counsel of record, hereby submits this Notice of Removal pursuant to 28 U.S.C. §§ 1441(a) and 1446 removing this action from the Superior Court of the State of California, County of Santa Clara, in which the action is currently pending, to the United States District Court for the Northern District of California, San Jose Division.  Jurisdiction exists under 28 U.S.C. § 1331 and 29 U.S.C. §2601 et seq.

    Defendant states the following facts as grounds for removal:

    1.    Plaintiff Elisabeth Kindig ("Plaintiff") commenced this action captioned *Kindig v. Intertrust Technologies Corporation.*, Case No. 20CV370587, in the Superior Court of the State of California, County of Santa Clara, (referred to herein as the "Action" or "State Court Action").  The

Complaint in this Action was filed on September 11, 2020.  On September 29, 2020, Plaintiff attempted service of the State Court Action on Defendant's counsel via email with a Notice and Acknowledgment.

2. The Complaint alleges eight causes of action: (1) Violation of the California Pregnancy Disability Leave Law; (2) Interference in Violation of the Family Medical Leave Act ("FMLA") (29 U.S.C. 2601 *et seq*); (3) Retaliation in Violation of the FMLA; (4) Interference in Violation of the California Family Rights Act; (5) Retaliation in Violation of the CFRA; (6) Sex and/or Pregnancy Discrimination in Violation of the Fair Employment and Housing Act ("FEHA"); (7) Retaliation in Violation of the FEHA; (8) Wrongful Termination in Violation of Public Policy.

3. This Action is being removed pursuant to 28 U.S.C. § 1331 and 29 U.S.C. §2601 *et seq*. ("FMLA") because Plaintiff has alleged claims for unlawful interference and retaliation in violation of the FMLA.  The FMLA is a federal statute.  29 U.S.C. § 2617(a)(1) expressly provides the United States district courts with jurisdiction over claims made pursuant to the FMLA.

4. 29 U.S.C. 2601 *et seq*., provides the United States District Court for the Northern District of California with original jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 because Plaintiff alleges that Defendant was Plaintiff's employer and alleges that Defendant engaged in unlawful interference and retaliation in violation of the FMLA.

5. Each of Plaintiff's eight (8) causes of action arise from the same set of facts and circumstances, including Plaintiff's employment with Defendant and the termination of that employment.  Accordingly, even if it is found that one or more of Plaintiff's claims do not "arise under" federal law, removal is still appropriate because the claims are transactionally related to at least one substantial federal claim.  [*Zuniga v. Blue Cross & Blue Shield of Michigan*, 52 F. 3d 1395 (6th Cir. 1995); 28 U.S.C. § 1367.]  Here, even assuming, *arguendo,* that only Plaintiff's second and third causes of action for violation of the FMLA are subject to federal question jurisdiction, since Plaintiff's first, fourth, fifth, sixth, seventh and eighth causes of action relate to Plaintiff's employment with Defendant and the termination of that employment, these claims are transactionally related to Plaintiff's second and third cause of action for violation of the FMLA.  Accordingly, removal would still be appropriate as to Plaintiff's first, fourth, fifth, sixth, seventh and eighth causes

of action because such claims are transactionally related to a federal claim.  [*Id.*]

6.	Accordingly, this is a civil action over which this Court has jurisdiction pursuant to 28 U.S.C. § 1331, without regard to the amount in controversy or citizenship of the parties, and which is properly removable pursuant to 28 U.S.C. § 1331 and 1441.

7.	This Notice of Removal is timely filed under 28 U.S.C. § 1446(b).

8.	No other defendants are named in the Complaint.  Therefore, no other defendants need to join this Notice of Removal.

9.	Venue in this district is proper under 28 U.S.C. § 1441(a) because the State Court Action is pending in a state court located within this district.

10.	Pursuant to 28 U.S.C. § 1446(a), Defendant has removed this action to "the district court of the United States for the district and division within which such action is pending…."  As the state court action was pending in Santa Clara County, Defendant has removed the Action to the United States District Court for the Northern District of California, San Jose Division.

11.	By filing this Notice of Removal, Defendant has not waived any defenses, claims or rights of any kind.

12.	A copy of this Notice of Removal will be filed with the Clerk of the Superior Court of the State of California, County of Santa Clara, in conformity with 28 U.S.C. § 1446(d).

13.	Written notice of the filing of this Notice of Removal will be given to all adverse parties in conformity with 28 U.S.C. 1446(d).

14.	A true and correct copy of all process, pleadings, and orders filed, delivered to or served in the State Court Action are submitted, pursuant to 28 U.S.C. § 1446(a), and are attached to the Declaration of Lee Sheldon as **Exhibits A, B and C.**

15.	WHEREFORE, Defendant removes the entire Action, and all claims and causes of action included therein, from the Superior Court of the State of California, County of Santa Clara, to the United States District Court for the Northern District of California, San Jose Division.

DATED: October 27, 2020			ARMIJO & GARCIA

					By:	_____*/s/ Lee E. Sheldon*_____
						LEE SHELDON

**FEDERAL COURT PROOF OF SERVICE**

I, the undersigned, hereby certify that I am a citizen of the United States and over the age of eighteen; I work in the County of San Francisco, California, in which County the within mailing took place; and I am not a party to the subject case. My business address is One California Street, Suite 1150, San Francisco, CA 94111.

On October 27, 2020 , I served the following document(s): **NOTICE OF REMOVAL OF ACTION; DECLARATION OF LEE SHELDON FILED CONCURRENTLY HEREWITH** on the following persons at the following addresses:

Aaron P. Minnis
**MINNIS & SMALLETS, LLP**
Sonya L. Smallets
Evan R. Ettinghoff
369 Pine Street, Suite 500
San Francisco, California 94104

The documents were served by the following means:

☒ (BY COURT'S CM/ECF SYSTEM) Pursuant to Local Rule, I electronically filed the documents with the Clerk of the Court using the CM/ECF system, which sent notification of that filing the persons listed above.

☒ (BY U.S. MAIL) I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses listed above and:

☒ BY E-MAIL OR ELECTRONIC TRANSMISSION**:** I caused a copy of the document(s) to be sent via e-mail. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed this day October 27, 2020, at San Francisco, California.

*/s/ Alejandra Guijarro*

Alejandra Guijarro